| ¡WALTER J. ROTHSCHILD, Judge.
The sole issue presented by this appeal is the correctness of the trial court’s ruling that the uninsured/underinsured motorist (UM) rejection form contained in the subject insurance policy is valid. Finding no error in the ruling of the trial court, we affirm.

Facts and Procedural History

On March 26, 1999, plaintiffs, Salvador and Florinda Midence, filed suit for damages as a result of injuries they allegedly received following an automobile accident in which the vehicle they were occupying was struck in the rear by a vehicle owned and driven by defendant, Keith Williams. Plaintiffs named as defendants in this suit Williams, Williams’ liability insurer, and The Hartford Insurance Company, plaintiffs’ UM insurance carrier.
Plaintiffs subsequently amended their petition to name as defendant Price Le-Blanc, Inc. d/b/a Price LeBlanc Toyota, and its insurer, Mid-lContinent3 Insurance Company. Plaintiffs also filed a second supplemental and amending petition, alleging that at the time of the accident herein, plaintiffs were driving a vehicle owned by Price LeBlanc, Inc. d/b/a Price Leblanc *276 Toyota, and that Mid-Continent was the liability and UM carrier for this vehicle. In its third supplemental and amending petition, plaintiff, Mr. Midence, alleges that at the time of the accident he was test driving a vehicle owned by Price LeBlanc, Inc. which was insured by Mid-Continent. Plaintiffs allege that the Mid-Continent policy provides primary coverage to the insurance provided by plaintiffs’ liability insurer, Hartford. Mid-Continent subsequently answered plaintiffs’ supplemental and amending petitions, denying liability for plaintiffs’ claims.
Thereafter, Mid-Continent brought a motion for summary judgment on the basis that Mid-Continent’s insured, Price Le-Blanc, Inc. d/b/a Price LeBlanc Toyota, executed a valid rejection of uninsured motorist coverage, as permitted by La. R.S. 22:1406, which precluded coverage to plaintiffs as a matter of law. Both plaintiffs and Hartford opposed this motion.
By judgment rendered on November 20, 2002, the trial court granted summary judgment in favor of Mid-Continent and against plaintiffs and Hartford on the basis that the UM Rejection Form in question was properly executed by Price LeBlanc, Inc. d/b/a Price LeBlanc Toyota. It is from this judgment that The Hartford Insurance Company now appeals.

Law and Discussion

Appellate courts review the granting of summary judgment de novo under the same criteria that govern the trial court’s determination of whether a summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). A motion for summary judgment should be granted in the pleadings, depositions, answers |4to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966.
La. R.S. 22:1406(D) requires that when an insured purchases automobile liability insurance in the State of Louisiana, the insurer must provide the insured with uninsured motorist coverage in not less than the limits of bodily injury liability provided by the policy. However, this coverage is not applicable when any insured named in the policy either rejects coverage, selects lower limits, or selects economic-only coverage, in the manner provided in section D(1)(a)(ii). La. R.S. 22:1406(D)(l)(a)(i). This UM statute is to be liberally construed and a rejection of coverage provided by law must be clear and unmistakable. Roger v. Estate of Moulton, 513 So.2d 1126 (La.1987). A valid rejection must be expressly set forth in writing and signed by the insured or his authorized representative. Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La.1992).
The policy issued by Mid-Continent includes a form relating to Louisiana — Protection against Uninsured Motorists, specifically entitled “Request for or Rejection of Coverage” which was executed on March 20, 1998 by Price LeBlanc, Jr., as Vice-President of the named insured in the policy. This form contains a list of check-boxes from which Mr. Le-Blanc could have either rejected UM coverage, requested UM coverage at limits equal to the bodily injury liability coverage in the policy, or requested UM coverage at limits lower than the bodily limits coverage in the policy. The rejection form incorporated in the policy indicates that Price LeBlanc made the following selection:
(X) I have been offered and hereby reject uninsured motorist insurance, being the insurance provided for protection of persons insured under *277 this policy |swho would legally be entitled to recover damages from the owners or operators of uninsured motor vehicles and hit-and-run motor vehicles, as defined in the statutes of the state of Louisiana under the above numbered policy and under any renewals or rein-statements of such policy.
On appeal, Hartford contends that the form fails to comply with the requirements of Daigle v. Authement, 96-1662 (La.4/8/97), 691 So.2d 1213, in which the rejection form contained a statement that Louisiana law requires all policies to provide UM coverage unless such is rejected by the insured. Appellant also relies on a decision of the Supreme Court in Soileau v. Patterson Insurance Group, Inc., 97-1910 (La.10/31/97), 703 So.2d 4, a case in which the appellate court judgment was reversed for reasons assigned in a dissent to the majority opinion. Appellant contends that the dissent refers to the holding in Daigle, and states that a UM form is defective if it does not inform the insured of the statutorily mandated coverage. Appellant thus argues that the form in the present case is defective because it does not inform the insured of the statutorily mandated coverage, but rather merely states that the insured has been offered and rejects UM coverage.
However, we find that the rejection form at issue in the Soileau case was a different form from the one executed in the case before us. In the Soileau case, the form merely contained a statement that the insured rejected UM coverage without any reference to the three statutorily mandated options contained in La. R.S. 22:1406(D) or even any reference to an offer of such insurance by the insurer.
Conversely, in the present case, the UM rejection form executed by Mr. LeBlanc offers UM coverage to the insured and allows the insured to make a meaningful selection between the statutorily mandated options of selecting coverage equal to bodily limits coverage, selecting lower coverage |filimits or rejecting UM coverage entirely. Under these circumstances, the insured was given the opportunity to make an informed decision of whether to select or reject UM coverage pursuant to Louisiana law. We find that the UM rejection form executed in the present case meets all the requirements of La. R.S. 22:1406(D) and Daigle v. Authement, 96-1662 (La.4/8/97), 691 So.2d 1213. Accordingly, we affirm the trial court’s finding that the rejection form was valid and we find that the summary judgment rendered in favor of Mid-Continent Insurance Company was proper. Appellant shall bear all costs of this appeal.

AFFIRMED.